**412**

UNITED STATES of America,
Plaintiff—Appellee,

v.

Aaron Eric GONZALEZ, Defendant—
Appellant.

No. 01–50596.

D.C. No. CR–00–01158–CRM–02.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.\*

Decided Dec. 12, 2002.

Before GOODWIN, TROTT, and
GRABER, Circuit Judges.

MEMORANDUM \*\*

Aaron Eric Gonzalez appeals his conviction for possession of stolen mail in violation of 18 U.S.C. § 1708. Gonzalez entered a guilty plea conditioned on his right to appeal the district court's denial of his motion to suppress the stolen mail evidence found in his motel room. He contends that despite his oral and written consents allowing the officers to search his motel room, his consents were not voluntary. We review the district court's determination that Gonzalez voluntarily consented to the search for clear error, *United States v. Jones*, 286 F.3d 1146, 1150 (9th Cir.2002), and we affirm.

Although Gonzalez was in custody at the time he gave his consent, and was not given his *Miranda* warnings, the officers did not threaten or coerce him in any way. In fact, before Gonzalez gave his written consent, the officers told him that he had the right not to consent, and that if he chose to refuse consent, the officers would attempt to get a search warrant. Moreover, the very fact that he executed a consent form indicates that his consent was voluntary. *United States v. Castillo*, 866 F.2d 1071, 1082 (9th Cir.1989). Upon review of the totality of the circumstances, we hold that the district court did not err in concluding Gonzalez's oral and written consents were voluntarily given. *See United States v. Torres–Sanchez*, 83 F.3d 1123, 1130 (9th Cir.1996); *United States v. Morning*, 64 F.3d 531, 533 (9th Cir.1995); *Castillo*, 866 F.2d at 1082.

AFFIRMED.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.